ABRAHAM G. JENNINGS *vs.* HERMAN C. FISHER & another.

Since the Rev. Sts. *c.* 92, §§ 12, 13, one of several joint contractors, who by reason of his absence from the commonwealth is not served with process, in an action brought against them on the contract, cannot be rendered a competent witness for the others, by a release from them of his liability to contribute towards the payment of the debt, in case the plaintiff should recover against them, and they should be obliged to pay it.

THIS was an action by the indorsee against two of the

makers of a promissory note, signed by the firm of Napier, Fisher & Company, of which the defendants were members. Thomas F. Napier, the other member of the firm, and by whom the note was in fact made, was not an inhabitant of the commonwealth, at or since the time of the suing out and service of the writ, was not served with process, and did not appear in the suit. The two partners upon whom the writ was served, appeared and pleaded the general issue, with a specification of defence.

At the trial in the court of common pleas, before *Byington,* J., the defendants offered Napier as a witness; the plaintiff objected to his competency, on the ground of interest; the defendants thereupon released him from all liability to contribute to them towards the payment of the note, in case the plaintiff should recover against them, and they should be obliged to pay it; the witness was then admitted; and testified in favor of the defendants. A verdict being rendered for the defendants, the plaintiff excepted.

*S. F. Plimpton,* for the plaintiff.

*A. H. Fiske,* for the defendants, to the point that Napier was properly admitted as a witness for the defendants, cited *Gibbs* v. *Bryant,* 1 Pick. 118; *Ames* v. *Withington,* 3 N. H. 115; *Carleton* v. *Whitcher,* 5 N. H. 196; *Purviance* v. *Dryden,* 3 S. & R. 402; *Le Roy* v. *Johnson,* 2 Pet. 186, 195; *Norman* v. *Norman,* 2 Yeates, 154.

FLETCHER, J. Of the great number of questions which have been raised in this case, and elaborately investigated and discussed by the respective counsel, it is necessary to consider only one, which is very simple, and entirely decisive of the case.

The ruling of the court of common pleas was in accordance with the practice and rulings of courts heretofore in this commonwealth; and, were it not for the revised statutes, the witness would have stood perfectly indifferent, disinterested and competent, and the ruling would have been correct. But for these statutes, the witness being released by the defendants from his liability to contribute, it would have been a matter of entire indifference to him, whether the defendants or the plaintiff prevailed; as no suit could be maintained

against the witness on the note in either event. If the plain-tiff prevailed, and obtained a judgment against the defend-ants, the witness, not being a party to the judgment, would not be liable on that, and could not be sued on the note with-out joining his co-promisors; and they could not be joined, as a judgment on the note would have already been ob-tained against them. If the defendants prevailed, and obtained a judgment in their favor, they would thereby be released from liability on the note; and they being released, the witness would also necessarily be released, as a suit could not be maintained against him as a sole promisor. Such would be the situation of the witness independent of the statute.

But the situation of the witness is most materially altered as to interest by the Rev. Sts. *c.* 92, § 13, by which it is pro-vided that, in a case like the present, if the plaintiff obtains a judgment against the two defendants, the witness may nevertheless be sued and held liable in a separate action against him on the note. This section was not in the com-missioners' report of the statutes, but was one of the amend-ments added by the legislature. While the statute has thus made a change in the liability of the witness, in case the plaintiff recovers against the defendants, it has not altered the law, as to the witness, in case the defendants pre-vail; so that, in the latter case, the witness is released from liability on the note, as before the statute. As the law stood, therefore, at the time of this trial, if the plaintiff prevailed against the defendants, the witness would be held liable to a separate action on the note; whereas, if the defendants pre-vailed, the witness would be released from liability on the note. It is manifest, therefore, that the witness had a direct interest to defeat the plaintiff's suit; and being called by the defendants to testify for them, the witness was interested and incompetent, and should not have been admitted.

The witness being thus incompetent as a witness for the defendants, and the verdict being for the defendants, it must be set aside, and a new trial had in the court of common pleas.